Robert H. Tyler, Esq., CA Bar No. 179572
rtyler@tylerbursch.com
Nada N. Higuera, Esq., CA Bar No. 299819
nhiguera@tylerbursch.com
TYLER & BURSCH, LLP
25026 Las Brisas Road
Murrieta, California 92562
Tel: (951) 600-2733
Fax: (951) 600-4996

Jay Alan Sekulow*
sekulow@aclj.org
Jordan Sekulow*
jordansekulow@aclj.org
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Avenue, N.E.
Washington, DC 20002
Tel: (202) 546-8890
Fax: (202) 546-9309
* Pro hac vice application forthcoming

Dean R. Broyles, Esq., CA Bar No. 179535
dbroyles@nclplaw.org
NATIONAL CENTER FOR LAW & POLICY
539 West Grand Avenue
Escondido, California 92025
Tel: (760) 747-4529
Fax: (760) 747-4505

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALVARY CHAPEL OF UKIAH**, a California Non-Profit Corporation; **CALVARY CHAPEL FORT BRAGG**, a California Non-Profit Corporation; and | Case No. 2:20-cv-01431-KJM-DMC <br><br> **VERIFIED FIRST AMENDED COMPLAINT FOR DECLARATORY** |

1

**RIVER OF LIFE CHURCH**, a California Non-Profit Corporation,

        Plaintiffs,

vs.

**GAVIN NEWSOM**, in his official capacity as Governor of California; **SONIA ANGELL**, **M.D.**, in her official capacity as California Public Health Officer; **NOEMI DOOHAN, M.D.**, in her official capacity as Public Health Officer, Mendocino County; and **NGOC-PHUONG LUU, M.D.**, in her official capacity as Butte County Public Health Officer,

        Defendants.

**AND INJUNCTIVE RELIEF**

## INTRODUCTION

1.    This Action presents facial and as applied challenges to Defendants GAVIN NEWSOM, SONIA ANGELL, M.D., NOEMI DOOHAN, M.D., and NGOC-PHUONG LUU's (collectively, "Defendants") ban on singing and chanting activities ("Worship Ban") in places of worship while permitting the same activities in other similarly situated indoor uses, and outdoor uses, within the counties where Plaintiffs are located.

2.    This Worship Ban, and Defendants' enforcement of it, violate Plaintiffs CALVARY CHAPEL OF UKIAH, CALVARY CHAPEL FORT BRAGG, and RIVER OF LIFE CHURCH's (collectively, "Plaintiffs") constitutional rights under the First and Fourteenth Amendments to the United States Constitution.

## PARTIES – PLAINTIFFS

3.    Plaintiff CALVARY CHAPEL OF UKIAH ("Calvary Ukiah") is a California non-profit corporation, organized exclusively for religious purposes. Calvary Ukiah is a Christian Church located in Ukiah, Mendocino County, California.

2

4.     Plaintiff CALVARY CHAPEL FORT BRAGG ("Calvary Fort Bragg") is a California non-profit corporation, organized exclusively for religious purposes. Calvary Fort Bragg is located in Fort Bragg, Mendocino County, California.

5.     Plaintiff RIVER OF LIFE CHURCH ("River of Life") is a California non-profit corporation, organized exclusively for religious purposes. River of Life is located in Oroville, Butte County, California.

## PARTIES – DEFENDANTS

6.     Defendant GAVIN NEWSOM ("Newsom") is the Governor of the State of California and is sued in his official capacity only.  The California Constitution vests the "supreme executive power of the State" in the governor, who "shall see that the law is faithfully executed." Cal. Const. Art. V, § 1.

7.     On or about March 19, 2020, Governor Newsom issued Executive Order N-33-20, which required Californians to follow the directives issued by the California Public Health Officer.

8.     Defendant SONIA ANGELL, M.D. ("Dr. Angell") is the California Public Health Officer. She is sued in her official capacity only. Under the authority of the March 19, 2020 Executive Order N-33-20, Dr. Angell created the "COVID-19 INDUSTRY GUIDANCE: Places of Worship and Providers of Religious Services and Cultural Ceremonies" on behalf of the California Department of Public Health (hereinafter, "Worship Guidance"). A true and correct copy of the Worship Guidance dated July 1, 2020 is attached hereto as Exhibit A. The Worship Guidance includes the Worship Ban.

9.     Defendant NOEMI DOOHAN, M.D. ("Dr. Doohan") is the Public Health Officer for Mendocino County, California. She is sued in her official capacity only.  She is responsible for enforcing the Worship Guidance and observing all orders of the State Public Health Officer and all statutes relating to public health, including the Worship Ban.

10.     Defendant NGOC-PHUONG LUU, M.D. ("Dr. Luu") is the Public Health Officer for Butte County, California. She is sued in her official capacity only.  She is

responsible for enforcing the Worship Guidance and observing all orders of the State Public Health Officer and all statutes relating to public health, including the Worship Ban.

## JURISDICTION AND VENUE

11.     This civil rights action raises federal questions under the United States Constitution, specifically the First and Fourteenth Amendments, and under federal law, particularly 42 U.S.C. § 1983.

12.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

13.     This Court has authority to grant the requested declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, implemented through Rule 57 of the Federal Rules of Civil Procedure. This Court is also authorized to grant injunctive relief and damages under 28 U.S.C. § 1343, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and reasonable attorney's fees and costs under 42 U.S.C. § 1988.

14.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)–(2) because all Defendants are situated in this judicial district or reside in the State of California in which this judicial district is located, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## FACTUAL BACKGROUND

**A. State and County Orders**

15.     On or about March 4, 2020, Governor Newsom declared a State Emergency because of the threat of COVID-19.[1]

16.     On or about March 19, 2020, Governor Newsom issued Executive Order N-33-20 ("State Order"), which prohibited all in-person worship services in California for an indefinite period until the threat of the pandemic has subsided as determined

---

[1] As of the date of this filing, the Proclamation of a State of Emergency may be found online at the following URL: https://www.gov.ca.gov/wp-content/uploads/2020/03/3.4.20-Coronavirus-SOE-Proclamation.pdf.

VERIFIED FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

exclusively by Governor Newsom.  A true and correct copy of this Executive Order is attached as Exhibit B**.**

17.    On or about May 25, 2020, Governor Newsom announced the re-opening of places of worship in California. This was accomplished by the California Department of Public Health issuing initial guidance for places of worship to support a safe, clean environment for staff and congregants.

18.    On or about July 1, 2020, the California Department of Public Health updated its Worship Guidance to include the Worship Ban. Specifically, the Worship Ban mandates that places of worship "must therefore discontinue singing and chanting." A true and correct copy of this order is attached as Exhibit A.

19.    Upon information and belief, at the time the Worship Ban was enacted on July 1, 2020, singing and chanting were still activities permitted at protests, including those taking place indoors.

20.    On July 6, 2020, the Worship Guidance was updated to ban only *indoor* singing and chanting in places of worship. A true and correct copy of this order is attached as Exhibit C.

21.    On or about July 11, 2020, a spokeswoman for California's Office of Emergency Services, Ali Bay, confirmed that the Worship Ban "must be followed," reiterating that it "has the same authority as all of California Department of Public Health's other guidance, directives, and orders, which the governor has ordered residents to heed."[2]

22.    On or about July 13, 2020, Governor Newsom issued yet another order governing indoor operations. Under this order, worship services, together with protests, fitness centers, offices for non-essential actors and personal care services, as well as day camps, hotels, shopping malls, childcare centers, schools, or music, television and film production are permitted in counties not currently on the state's monitoring list. However,

---

[2] Don Thompson, *Church Singing Ban Strikes Sour Note With California Pastor* (July 11, 2020), https://www.nbcbayarea.com/news/california/church-singing-ban-strikes-sour-note-with-california-pastor/2324470/.

VERIFIED FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

singing and chanting is only banned in places of worship and at protests. Such activities are still permissible for all other indoor activities. A true and correct copy of this July 13, 2020 order is attached as Exhibit C.[3]

23.     The July 13, 2020 Order also mandated the closure of the *indoor* operations in all state counties at dine-in restaurants, wineries and tasting rooms, movie theaters, family entertainment centers, and zoos and museums. *Id*.

24.     On July 13, 2020, the Mendocino County Department of Public Health issued an order which incorporates the Worship Ban. A true and correct copy of this order is attached as Exhibit D.

25.     According to the Mendocino County order, failure to comply with it "constitutes an imminent threat to public health and menace to public health, constitutes a public nuisance, and is punishable by fine, imprisonment, or both." *Id*.

26.     Butte County Department of Public Health's website directs residents to abide by various State guidance and orders and has provided no indication that it will depart from the state's guidance and orders including the Worship Ban.[4]

**B. Singing and Chanting Not Restricted in Secular Gatherings**

27.     The singing and chanting ban discriminates against, and is primarily applicable to, places of worship.

28.     On or about July 1, 2020, at the time Defendants announced the new Worship Ban prohibiting singing and chanting in places of worship, all protests, dine-in restaurants/bars/wineries, casinos, family entertainment centers, day camps, hotels, shopping malls, childcare centers, schools, or music, television and film production remained open and were not subject to the ban on singing or chanting.[5]

---

[3] As of the date of this filing, Governor Newsom's July 13, 2020 order may also be found online at the following URL: https://covid19.ca.gov/roadmap-counties/.
[4] Butte County Public Health Department, https://www.buttecounty.net/publichealth
[5] As of the date of this filing, the California guidance for each listed category, respectively, may be assessed online at the following URLs:
Restaurants/bars/wineries: https://files.covid19.ca.gov/pdf/guidance-restaurants-bars.pdf

**VERIFIED FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

29.     Upon information and belief, on or after July 6, 2020—and following Governor Newsom's amendment to the Worship Ban on July 6, 2020 clarifying that the ban on singing and chanting applied to indoor services held at places of worship—the State updated the Q&A section of its COVID-19 website under the question, "Can I engage in Political Protest Gatherings?" The Q&A section now includes a statement that indoor protests are permitted "as long as . . . singing and chanting activities are discontinued." A true and correct copy of a screenshot from the Q&A section is attached as Exhibit E.

30.     This same Q&A section, while identifying three conditions for indoor protests – *i.e.* limiting attendance, physical distancing and discontinuing singing and chanting – only threatens enforcement when adequate physical distancing is not maintained: "Failure to maintain adequate physical distancing may result in an order to disperse or other enforcement action." *Id*.   No state enforcement action, however, is threatened in the Q&A section if protestors engage in singing and/or chanting activities.

31.     Following Governor Newsom's order issued on or about July 13, 2020, worship services, together with protests, fitness centers, offices for non-essential actors and personal care services, as well as day camps, hotels, shopping malls, childcare centers, schools, and music, television and film production are permitted to remain open in counties not currently on the state's monitoring list.

---

Casinos: https://files.covid19.ca.gov/pdf/guidance-casinos.pdf
Family entertainment centers: https://files.covid19.ca.gov/pdf/guidance-family-entertainment.pdf
Day camps: https://files.covid19.ca.gov/pdf/guidance-daycamps.pdf
Hotels: https://files.covid19.ca.gov/pf/guidance-hotels.pdf
Shopping malls: https://files.covid19.ca.gov/pdf/guidance-shopping-centers.pdf
Childcare centers: https://files.covid19.ca.gov/pdf/guidance-childcare--en.pdf
Schools: https://files.covid19.ca.gov/pdf/guidance-schools.pdf
Music, TV and film production: per https://covid19.ca.gov/industry-guidance/#top, music, TV and film production is only subject to "Office and Workspace" guidelines: https://files.covid19.ca.gov/pdf/guidance-office-workspaces.pdf.

32.     On July 15, 2020, at the time of the filing of the Complaint in this case, all Plaintiffs were located in counties not on the state monitoring list and, therefore, were in locations where indoor religious services were permitted, but those services were unduly and unconstitutionally limited by the indoor Worship Ban.

33.     On or about July 25, 2020, Butte County was placed on the state's monitoring list[6] and places of worship there, together with several other indoor establishments within Butte County, were forced to cease indoor operations pursuant to Governor Newsom's order of July 13, 2020.

34.     On July 24, 2020, after this lawsuit was filed, the Mendocino County Department of Public Health issued a revised order electing to pre-emptively apply and enforce the more severe indoor restrictions California established for counties on the state monitoring list, notwithstanding the fact that Mendocino County had not been placed, and has not subsequently been placed as of the time of filing the First Amended Complaint, on the state's monitoring list.  A true and correct copy of Mendocino County's web page describing the action taken on July 24, 2020 is attached as Exhibit F.

35.     Mendocino County's self-imposed restrictions include a ban on the indoor activities of gyms and fitness centers; places of worship and cultural ceremonies, like weddings and funerals; offices for non-essential sectors; personal care services, like nail salons, body waxing and tattoo parlors; hair salons and barbershops; indoor shopping malls.  *Id.*

36.     On July 29, 2020, the State updated its Worship Guidance. A true and correct copy of the updated Worship Guidance is attached as Exhibit G.[7]

37.     On August 3, 2020, the Mendocino County Department of Public Health issued a revised order which still incorporates the more severe indoor restrictions, even though Mendocino County was still not on the state's monitoring list. This order restricted

---

[6] As of the date of this filing, Butte County's COVID-19 information may be found online at the following URL https://www.buttecounty.net/publichealth

[7] As of the date of this filing, the Worship Guidance may also be found online at the following URL: https://files.covid19.ca.gov/pdf/guidance-places-of-worship--en.pdf

outdoor worship, outdoor funerals or memorials, and outdoor protests to a maximum of 100 persons.  A true and correct copy of this order is attached as Exhibit H.

38.     Despite the ongoing and even increasing restrictions on the protected First Amendment rights to freely assemble and engage in religious exercise as it relates to places of worship, Governor Newsom has been unwavering in his support of massive protests in California.

39.     On or about May 30, 2020, Governor Newsom tweeted that "millions of people are lifting their voices in anger -- rightfully outraged at the systemic racism that persists in America." A true and correct copy of Newsom's relevant tweets are attached as Exhibit I.

40.     On or about May 30, 2020, Governor Newsom also issued a written statement explaining the following: "I want to thank all those who helped protect human life last night and today – from community members who exercised their right to protest peacefully and encouraged others to do the same, to the law enforcement officers who faced what were, at times, challenging conditions." A true and correct copy of this statement is attached as Exhibit J.

41.     On or about June 1, 2020, Governor Newsom stated the following during a press conference: "For those of you out there protesting, I want you to know that you matter. To those who want to express themselves… God bless you. Keep doing it. Your rage is real."[8]

42.     On or about June 5, 2020, Governor Newsom tweeted that "protestors have the right to protest peacefully," showing further support of mass protests. A true and correct copy of this statement is attached as Exhibit I.

43.     On or about June 19, 2020, Governor Newsom promoted, by retweeting pictures, the gathering of hundreds of people to paint Black Lives Matter street art in front of City Hall. A true and correct copy of this statement is attached as Exhibit I.

---

[8] Hannah Wiley, *"Your rage is real," Gavin Newsom Tells California Protesters* (Published 2:55 p.m. PST, July 1, 2020), https://www.sacbee.com/news/politics-government/capitol-alert/article243173056.html.

**VERIFIED FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

44.    On or about July 2, 2020, following implementation of the Worship Ban, when asked to explain the extent to which social justice protestors should heed his mandate to avoid large crowds and gatherings, Governor Newsom explained "we have a Constitution, we have a right to free speech," and further stated that "we are all dealing with a moment in our nation's history that is profound and pronounced . . . Do what you think is best. . . ."[9]

45.    On or about June 26, 2020, at a news conference, Dr. Angell admitted that people who attended large protests have been affected by COVID: "We don't have exact numbers, but we do know from speaking to our counties that it is a contributor. Of course, it is difficult to tease out exactly because at the same time, the people were going out for these protests, we were also seeing increased movement for other reasons." However, Dr. Angell did not ban chanting at these mass protests.[10]

**C. The Religious Beliefs and Practices of Calvary Ukiah, Calvary Fort Bragg, and River of Life**

46.    Plaintiffs are evangelical Christian churches committed to the teachings of the Bible.

47.    Plaintiffs believe the Bible is God's Word to all people and was written by human authors under the supernatural guidance of the Holy Spirit. Plaintiffs believe that, because the Bible was inspired by God, the Bible is truth without error and is completely relevant to our daily lives.

48.    According to their sincerely held religious beliefs and the commands of the Bible, Plaintiffs hold weekly worship services that consist of various forms of worship including singing, prayer, recitation of scripture, and a sermon preached by the pastor.

---

[9] Eric Ting, *Gavin Newsom asked to reconcile support for protests with new warnings on gatherings* (Published 1:50 p.m. PDT, July 2, 2020), https://www.sfgate.com/politics/article/Gavin-Newsom-protests-coronavirus-July-Fourth-ask-15383112.php.

[10] Cheri Mossburg, *Recent protests have contributed to California's coronavirus case increase, state official says* (Published 4:48 p.m. ET, June 26, 2020), https://edition.cnn.com/world/live-news/coronavirus-pandemic-06-26-20-intl/h_b3a9aa753b4c05ea71479065f58bf534.

**VERIFIED FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

49.     Singing and praying aloud as a body of Christ is an integral part of worship for believers and Plaintiffs. The book of Ephesians in the Bible commands that Plaintiffs "[b]e imitators of God," and "live a life of love, just as Christ loved us . . . be filled with the Holy Spirit. Speak to one another with psalms, hymns and spiritual songs. Sing and make music in your heart to the Lord, always giving thanks to God the Father for everything." Ephesians 5:1-2, 18-20.

50.     The Psalms in the Bible emphasize the importance of singing and worship. Psalm 89:1 says, "I will sing of the Lord's great love forever; with my mouth I will make your faithfulness known through all generations." Psalms 9:1 says, I will give thanks to you, Lord, with all my heart . . . I will be glad and rejoice in you; I will sing the praises of your name, O Most High." Psalm 95 speaks of the importance and necessity of singing together, as a body of Christ: "Come, let us sing for joy to the Lord; let us shout aloud to the Rock of our salvation. Let us come before him with thanksgiving and extol him with music and song."

51.     According to their sincerely held religious beliefs, Calvary Ukiah holds weekly worship services, which include singing and chanting, every Sunday at 10:00 A.M. at its sanctuary.

52.     According to their sincerely held religious beliefs, Calvary Fort Bragg holds weekly worship services, which include singing and chanting, every Sunday at 10:00 A.M. and 6:30 P.M. and every Wednesday at 7:00 P.M.

53.     According to their sincerely held religious beliefs, River of Life holds weekly worship services, which include singing and chanting, every Sunday at 10:00 A.M.

54.     To prohibit group singing and chanting is to effectively prohibit corporate Christian worship, which substantially and unduly burdens Plaintiffs' religious speech and exercise.

///

///

VERIFIED FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# FIRST CAUSE OF ACTION

## THE WORSHIP BAN VIOLATES PLAINTIFFS' RIGHT TO FREE EXERCISE OF RELIGION UNDER THE FIRST AMENDMENT TO THE U.S. CONSTITUTION

**(By all Plaintiffs against Newsom & Dr. Angell;**

**By Calvary Ukiah and Calvary Fort Bragg against Dr. Doohan;**

**By River of Life against Dr. Luu)**

55.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 54, as if fully set forth herein.

56.     The Free Exercise Clause of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits Defendants from abridging Plaintiffs' right to free exercise of religion.

57.     Plaintiffs have sincerely held religious beliefs, rooted in religious text, that singing and chanting are integral and required forms of worship.

58.     The Worship Ban, and Defendants' enforcement of it, on its face and as applied, prohibits all signing and chanting in places of worship, even if Plaintiffs follow Center for Disease Control and Prevention and state guidelines for social distancing and mask wearing etc. This is a violation of Plaintiffs' right to the free exercise of religion.

59.     The Worship Ban, on its face and as applied, targets Plaintiffs' sincerely held religious beliefs and practices.

60.     The Worship Ban, on its face and as applied, impermissibly burdens Plaintiffs' sincerely held religious beliefs, compels Plaintiffs to either change those beliefs or to act in contradiction to them, and forces Plaintiffs to choose between the teachings and requirements of their sincerely held religious beliefs or the mandates in Defendants' Worship Ban.

61.     The Worship Ban, on its face and as applied, places Plaintiffs in an irresolvable conflict between compliance with the orders and adherence to their sincerely held religious beliefs.

62.     The Worship Ban, on its face and as applied, puts substantial pressure on Plaintiffs to violate their sincerely held religious beliefs by ignoring the fundamental teachings and tenets of their religious texts, including those tenets requiring singing and chanting.

63.     The Worship Ban, on its face and as applied, is neither neutral nor generally applicable, but rather specifically and discriminatorily targets places of worship.

64.     The Worship Ban, on its face and as applied, imposes a substantial burden on Plaintiffs' sincerely held religious beliefs as they are prevented from practicing the teachings of their religious texts.

65.     Defendants lack a compelling, legitimate, and rational interest in banning singing and chanting only in places of worship while allowing the same at similar secular gatherings and secular businesses.

66.     Even if the Worship Ban were supported by a compelling interest, which it is not, the ban does not employ the least restrictive means to accomplish the government's purported interest and is not narrowly tailored to that interest. Other less restrictive means are available, such as requiring social distancing and the wearing of masks.

67.     The Worship Ban fails to accommodate Plaintiffs' sincerely held religious beliefs.  Instead, the Worship Ban intentionally aims to frustrate Plaintiffs' practices.

68.     The Worship Ban specifically targets Plaintiffs' sincerely held religious beliefs, and the Worship Ban sets up a system of individualized exemptions that permit other similarly situated businesses or gatherings to sing and chant while prohibiting places of worship from singing and chanting in the counties where Plaintiffs are located.

69.     The Worship Ban, on its face and as applied, constitutes a religious gerrymander. *Church of Lukumi Babalu Aye v. City of Hialeah,* 508 U.S. 520, 534, (1993*)*.

70.     The Worship Ban, on its face and as applied, has caused, is causing, and will continue to cause Plaintiffs immediate and irreparable harm, and actual and undue hardship.

71.    Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their constitutional rights.

72.    WHEREFORE, Plaintiffs respectfully pray for the relief against Defendants as set forth in the prayer for relief.

<u>**SECOND CAUSE OF ACTION**</u>

**THE WORSHIP BAN VIOLATES THE ESABLISHMENT CLAUSE OF THE FIRST AMENDMENT OF THE U.S. CONSTITUTION**

**(By all Plaintiffs against Newsom & Dr. Angell;**

**By Calvary Ukiah and Calvary Fort Bragg against Dr. Doohan;**

**By River of Life against Dr. Luu)**

73.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 54 above, as if fully set forth herein.

74.    The Worship Ban, and Defendants' enforcement of it, violates the First Amendment, both facially and as applied to Plaintiffs.

75.    The Establishment Clause of the "First Amendment mandates governmental neutrality between religion and religion, and between religion and nonreligion." *McCreary Cty. v. Am. Civil Liberties Union of Ky.*, 545 U.S. 844, 860 (2005) (citing *Epperson v. Arkansas*, 393 U.S. 97, 104 (1968)). The Establishment Clause applies to the states through the Due Process Clause of the Fourteenth Amendment. *Everson v. Board of Ed. of Ewing*, 330 U.S. 1 (1947).

76.    The Worship Ban advances no secular purpose, especially where Center for Disease Control and Prevention and California guidelines for social distancing are being followed.

77.    Defendants have made numerous exceptions to the Worship Ban, permitting similarly situated secular activities and allowing other secular businesses and gatherings to engage in singing and chanting.

78.    The Worship Ban has the primary effect of inhibiting religious activity.

79.     Defendants have failed to avoid excessive government entanglement with religion. Defendants permit only some forms of religious observance, such as silent prayer and at-home religious activities.

80.     There is no historical precedent in the United States for inhibiting religious practices on terms more restrictive than those imposed on identical secular activities, as Defendants do now.

81.     The Worship Ban is impermissibly hostile toward religion.

82.     The Worship Ban invades Plaintiffs' constitutional right to autonomy and against unlawful governmental invasion or direction of religious practices.

83.     The Worship Ban, on its face and as applied, has caused, is causing, and will continue to cause Plaintiffs immediate and irreparable harm, and actual and undue hardship.

84.     Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their constitutional rights.

85.     WHEREFORE, Plaintiffs respectfully pray for the relief against Defendants as set forth in the prayer for relief.

## THIRD CAUSE OF ACTION

**THE WORSHIP BAN VIOLATES PLAINTIFFS' RIGHT TO FREEDOM OF SPEECH UNDER THE FIRST AMENDMENT TO THE U.S. CONSTITUTION**

**(By all Plaintiffs against Newsom & Dr. Angell;**

**By Calvary Ukiah and Calvary Fort Bragg against Dr. Doohan;**

**By River of Life against Dr. Luu)**

86.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 54 above, as if fully set forth herein.

87.     The Worship Ban, and Defendants' enforcement of it, violates the right to Freedom of Speech under the First Amendment, both facially and as applied to Plaintiffs.

88.     Plaintiffs engage in protected speech at their respective places of worship through singing religious songs and hymns and chanting prayers and religious text.

89.     Defendants' imposition of the Worship Ban is unreasonable and has a chilling effect on protected speech by banning singing and chanting in places of worship even where Center for Disease Control and Prevention and California guidelines for social distancing are being followed, under threat of criminal penalty, including fines and imprisonment.

90.     The Worship Ban is unconstitutionally overbroad, and therefore void as a matter of law, both on its face and as applied.

91.     The Worship Ban, on its face and as applied, singles out religious worship and other religious speech for disfavored treatment.

92.     The Worship Ban, on its face and as applied, has caused, is causing, and will continue to cause Plaintiffs' immediate and irreparable harm, and actual and undue hardship.

93.     Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their constitutional rights.

94.     WHEREFORE, Plaintiffs respectfully pray for the relief against Defendants as set forth in the prayer for relief.

## FOURTH CAUSE OF ACTION

**THE WORSHIP BAN VIOLATES PLAINTIFFS' RIGHT TO EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION**

**(By all Plaintiffs against Newsom & Dr. Angell;**

**By Calvary Ukiah and Calvary Fort Bragg against Dr. Doohan;**

**By River of Life against Dr. Luu)**

95.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 54 above, as if fully set forth herein.

96.     The Worship Ban, and Defendants' enforcement of it, violates the Fourteenth Amendment, both facially and as applied to Plaintiffs.

97.     The Fourteenth Amendment to the Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." Equal protection requires the state to govern impartially, not draw arbitrary distinctions between individuals based solely on differences that are irrelevant to a legitimate governmental interest.

98.     The Worship Ban intentionally and arbitrarily bans singing and chanting in places of worship. Singing and chanting is not, however, restricted at similarly situated indoor establishments in the counties where Plaintiffs are located.

99.     Defendants have given preferential treatment for favored singing and chanting at protests, while banning disfavored singing and chanting at worship services.

100.    Strict scrutiny under the Equal Protection Clause applies where, as here, the classification impinges on a fundamental right, including the right to practice religion freely and the right to free speech.

101.    Strict scrutiny applies to the Worship Ban because it mandates that Plaintiffs refrain from singing and chanting in places of worship, impinging on their fundamental rights to freedom of religion and speech. The Worship Ban does not permit Plaintiffs to exercise these rights, even while conforming to Center for Disease Control and Prevention and California guidelines for social distancing.

102.    The Worship Ban is not "narrowly tailored" to further any compelling governmental interest. Defendants allow singing and chanting at many secular locations. Since singing and chanting are allowed at various secular gatherings. Defendants must permit Plaintiffs to engage in equivalent constitutionally-protected speech and activities.

103.    Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their constitutional rights.

104.    WHEREFORE, Plaintiffs respectfully pray for the relief against Defendants as set forth in the prayer for relief.

///

///

**VERIFIED FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

A.     That this Court issue a Temporary Restraining Order, Preliminary Injunction, and a Permanent Injunction enjoining Defendants, Defendants' officers, agents, employees, attorneys, and all other persons acting in concert or participation with them, from enforcing the Worship Ban and the County Orders enforcing the Worship Ban;

B.     That this Court render a Declaratory Judgment declaring that the Worship Ban, on its face and as applied, is unconstitutional under the First and Fourteenth Amendments to the United States Constitution;

C.     That this Court award Plaintiffs nominal damages against the County Defendants for the violation of Plaintiffs' constitutional rights;

D.     That this Court adjudge, decree, and declare the rights and other legal relations within the subject matter here in controversy so that such declaration shall have the full force and effect of final judgment;

E.     That this Court retain jurisdiction over the matter for the purposes of enforcing this Court's order;

F.     That this Court declare Plaintiffs are a prevailing party and award Plaintiffs the reasonable costs and expenses of this action, including reasonable attorney's fees in accordance with 42 U.S.C. §1988; and

G.     That this Court grant such other and further relief as this Court deems equitable and just under the circumstances.

Respectfully submitted,

TYLER & BURSCH, LLP

Dated:  August 5, 2020                    /s/ Robert H. Tyler, Esq.
                                          Robert H. Tyler
                                          Attorney for Plaintiffs

18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AMERICAN CENTER FOR LAW &
JUSTICE

Dated:  August 5, 2020

Jay Alan Sekulow*
Jordan Sekulow*
201 Maryland Avenue, N.E.
Washington, DC 20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
sekulow@aclj.org
Jordansekulow@aclj.org

Edward L. White III (admitted PHV)
Erik M. Zimmerman*
3001 Plymouth Road, Suite 203
Ann Arbor, Michigan 48105
Tel. 734-680-8007
Fax. 734-680-8006
ewhite@aclj.org
ezimmerman@aclj.org

Abigail A. Southerland (admitted PHV)
625 Bakers Bridge Ave., Suite 105-121
Franklin, Tennessee 37067
Tel. 615-599-5572
Fax: 615-599-5180
asoutherland@aclj.org
Attorneys for Plaintiffs

* Pro hac vice application forthcoming

NATIONAL CENTER FOR LAW &
POLICY

Dated:  August 5, 2020

/s/ Dean R. Broyles, Esq.
Dean R. Broyles
Attorney for Plaintiffs

19

## **VERIFICATION OF COMPLAINT**

On behalf of CALVARY CHAPEL OF UKIAH, I, Pastor Les Boek, declare as follows:

1.     I am a party to this action.

2.     I have read the foregoing complaint and know of the contents thereof.

3.     Based on my own knowledge, the contents of paragraphs 3, 46-51, 54- of the foregoing complaint are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 5, 2020, at Ukiah, California.

<div style="margin-left: 40%;">

/s/ Les Boek *
_____
Pastor Les Boek
Calvary Chapel Ukiah
*original signature retained by attorney Robert Tyler

</div>

# <u>VERIFICATION OF COMPLAINT</u>

On behalf of CALVARY CHAPEL FORT BRAGG, I, Kevin Green, declare as follows:

1.   I am a party to this action.

2.   I have read the foregoing complaint and know of the contents thereof.

3.   Based on my own knowledge, the contents of paragraphs 4, 46-50, 52, 54 of the foregoing complaint are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on August 5, 2020, at Fort Bragg, California.

<div style="text-align:right">

/s/ Kevin Green*
Kevin Green
Calvary Chapel Fort Bragg
*original signature retained by attorney Robert Tyler

</div>

1

2

<u>**VERIFICATION OF COMPLAINT**</u>

3      On behalf of RIVER OF LIFE CHURCH, I, Pastor Scott Thomson, declare as

4  follows:

5      1.      I am a party to this action.

6      2.      I have read the foregoing complaint and know of the contents thereof.

7      3.      Based on my own knowledge, the contents of paragraphs 5, 46-50, 53- 54 of

8  the foregoing complaint are true and correct.

9      I declare under penalty of perjury under the laws of the United States of America

10  that the foregoing is true and correct.

11

12      Executed on August 5, 2020, at Oroville, California.

13

14                          <u>/s/ Scott Thomson*</u>

15                          Pastor Scott Thomson

16                          River of Life Church

                          *original signature retained by attorney Robert Tyler

17

18

19

20

21

22

23

24

25

26

27

28